1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

EASTERN DISTRICT OF CALIFORNIA

10

11

| JESUS ESTEVEZ, | Case No.  1:10-cv-01444-AWI-SAB |
|---|---|
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO NOTIFY THE COURT WHETHER HE INTENDS TO RAISE ANY FEDERAL CLAIMS IN THIS ACTION |
| v. | |
| ERIC LUNSFORD, et al. | THIRTY (30) DAY DEADLINE |
| Defendants. | |

12

13

14

15

16

17     The above-captioned action was removed to this Court from the Superior Court of the

18     State of California, Kern County on August 11, 2010.  (ECF No. 1.)  In the Notice of Removal

19     filed by Defendants E. Lunsford and T. Sheldon ("Defendants"), Defendants state that they

20     removed this action from state court based upon this Court's subject matter jurisdiction under 28

21     U.S.C. § 1331.  Defendants contend that this Court has subject matter jurisdiction over Plaintiff

22     Jesus Estevez's ("Plaintiff") claims because Plaintiff filed a First Amended Complaint in the state

23     court proceedings that alleged that "defendants acted with Deliberate Indifference" and that

24     Defendants violated "[Plaintiff's] institutional right to be free from cruel and unusual

25     punishment."  (Notice of Removal of Action Under 28 U.S.C. § 1441(a) ¶ 2.)  Based upon these

26     two allegations, Defendants argued that Plaintiff raised claims under 42 U.S.C. § 1983 for the

27     violation of his rights under the Eighth Amendment of the United States Constitution.

28     / / /

1

1    However, it does not appear that Plaintiff intended to raise any federal claims in his "First

2    Amended Complaint."   As an initial matter, a plain reading of the "First Amended Complaint"

3    reveals that the document appears to be intended to be construed as an opposition to a demurrer

4    Defendants filed in the state court proceeding.[1]   More pertinently, the "First Amended

5    Complaint" does not give any indication that Plaintiff intended to assert any federal claims.

6    Defendants made the inference that Plaintiff intended to raise federal claims simply because

7    phrases such as "deliberate indifference" and "cruel and unusual punishment" appear therein.

8    This inference appears to be questionable, as Plaintiff's filings indicate that Plaintiff intended to

9    only raise state law claims.[2]

10    Federal courts have an independent duty to assess whether federal subject matter

11    jurisdiction exists, irrespective of whether or not the parties raise the issue. United Investors Life

12    Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).   Pursuant to 28 U.S.C. §

13    1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject

14    matter jurisdiction, the case shall be remanded."   Removal statutes must be construed narrowly in

15    favor of remand to protect the jurisdiction of state courts. Harris v. Bankers Life and Cas. Co.,

16    425 F.3d 689, 698 (9th Cir. 2005).   "Federal jurisdiction must be rejected if there is any doubt as

17    to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 466 (9th Cir.

18    1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

19    Given the uncertainty regarding the propriety of removal in this case, the Court will order

20    Plaintiff to inform the Court whether he intended to raise any federal claims in this action, such as

21

22    [1] As noted by Defendants in the motion to dismiss filed with this Court, Plaintiff's "First Amended Complaint"
"[did] not recite many of the factual allegations in [the original] Complaint but rather addresses issues raised in
defendants' demurrer..." (Defs.' Not. of Mot. and Mot. to Dismiss Pl.'s First Am. Compl.; Mem. of P. & A. in Supp.
23    Thereof 4 n.2.)

24    [2] For example, in the form section of the complaint identifying Plaintiff's causes of action, Plaintiff checked the
boxes for "General Negligence" and "Other," "Personal Injury." (Not. of Subm. of Docs., at pg. 4.)  Second, in
25    another form section of the complaint asking for the "case type," Plaintiff checked "Other PI/PD/WD" (Personal
Injury/Property Damage/Wrongful Death) and did not check the box for "civil rights." (Not. of Subm. of Docs., at
26    pg. 5.)  Third, in the handwritten portion of his complaint, Plaintiff wrote that he "brings this complaint before the
Court for damages in connection with unnecessary and unjustified infliction of emotional distress, negligence,
27    personal injury, and acts not performed in good faith." (Not. of Subm. of Docs., at pg. 6.)  Fourth, words and phrases
typically associated with federal civil rights actions such as "federal," "constitution," "civil rights," "42 U.S.C. §
28    1983," and "Eighth Amendment" do not appear anywhere in Plaintiff's filings.

2

claims under 42 U.S.C. § 1983 based upon the violation of Plaintiff's rights under the Eighth Amendment of the U.S. Constitution.  If Plaintiff intended to assert federal claims in his lawsuit, the Court will order Plaintiff to prepare and file a Second Amended Complaint that clearly describes the claims being brought in this action.  If Plaintiff did not intend to assert any federal claims and wishes to proceed only on claims under state law, the Court will remand this action back to state court.

Based upon the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days of the date of service of this order, Plaintiff shall notify the Court whether he intends to raise any federal claims in this action.  Plaintiff's notice shall state that either (A) Plaintiff intends to raise federal claims in this case, or (B) Plaintiff does not intend to raise any federal claims in this case and wishes to proceed solely on his state law claims;

2. If Plaintiff notifies the Court that he intends to raise federal claims in this case, Plaintiff shall identify each federal claim raised by Plaintiff in his notice.  Further, Plaintiff is ordered to file a Second Amended Complaint including a short and plain statement of each federal claim.[3]   See Fed.R.Civ.P. 8(a)(2).   Plaintiff's Second Amended Complaint shall be filed at the same time as his notice to the Court; and

3. The failure to respond to this Court order may result in sanctions, including dismissal.

IT IS SO ORDERED.

Dated:   **May 1, 2013**

UNITED STATES MAGISTRATE JUDGE

_____

[3] Plaintiff is advised that, per Local Rule 220, any amended pleading must be complete in itself without reference to the prior pleadings. Accordingly, any Second Amended Complaint filed by Plaintiff will supersede the First Amended Complaint and the original complaint in this action.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28